# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| MARYKAY MUTTERS-EDELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:23-cv-1197-STA-jay |
| | ) | |
| APPROXIMATELY 132 ACRES OF LAND (PARCEL ID 141 02300 000) LOCATED ON CHEWALLA ROAD, RAMER (McNAIRY COUNTY), TENNESSEE, | ) ) ) ) ) ) | |
| Defendant, | ) | |
| AND | ) ) | |
| KATHY BERRYMAN and PEGGY BERRYMAN, | ) ) ) | |
| Intervenors. | ) ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER GRANTING INTERVENORS' MOTION TO DISMISS
ORDER GRANTING IN PART, DENYING IN PART MOTION FOR SANCTIONS
ORDER LIMITING PLAINTIFF'S FILING PRIVILEGES
ORDER ON APPELLATE ISSUES**

On July 19, 2024, the United States Magistrate Judge issued a report and recommendation (ECF No. 27), recommending that the Court dismiss Plaintiff Marykay Mutters-Edelman's Pro Se Complaint. The Magistrate Judge has analyzed two alternative grounds for dismissal, a lack of subject-matter jurisdiction under the probate exception and Plaintiff's failure to state a claim for relief under the doctrine of res judicata. The Magistrate Judge has further recommended that the Court grant Intervenors Kathy Berryman and Peggy Berryman's request for sanctions and permanently enjoin Plaintiff from filing similar claims in a future suit. Plaintiff has filed timely

1

objections to the report and recommendation (ECF No. 28). For the reasons set forth below, the Court **ADOPTS** the report and recommendation. The Court **DISMISSES** without prejudice Plaintiff's claim concerning the validity of the 1963 will of Brooks Derryberry for lack of subject-matter jurisdiction under the probate exception. The Court **DISMISSES** with prejudice the remaining claims in Plaintiff's suit as res judicata.

## BACKGROUND

Plaintiff initiated this case by filing a Pro Se Complaint (ECF No. 1) on September 14, 2023. The Magistrate Judge has provided in his report the following summary of Plaintiff's allegations and other related procedural history of the case, to which Plaintiff has not raised any objection. Therefore, the Court adopts that portion of the report as the findings of the Court.

This is Plaintiff's third action arising from her allegations that she is one of the rightful heirs to 132 acres of farmland and a homestead located on Chewalla Road ("the Farm" or "the Farm property") in McNairy County, Tennessee. Brooks Derryberry, Plaintiff's uncle by marriage, inherited the Farm from his father. *In re Estate of Baker*, No. W202000460COAR3CV, 2021 WL 1265166, at *1 (Tenn. Ct. App. Apr. 6, 2021). Brooks married Rubye Blackwood, who was Plaintiff's aunt, in May 1936. *Id*. Plaintiff alleges that Brooks executed a will in 1963 ("the 1963 will"), leaving everything to Rubye. In 1967, Brooks executed a deed ("the 1967 deed") which "create[d] a tenancy by the entireties in and to the entire interest" in the Farm with Rubye. *Id*. Brooks and Rubye never had children, and Rubye died in 1970. *Id*.

Brooks then married Hattie Faye Baker in 1983. *Id*. When Brooks died in 1997, he had no children. *Id*. According to Plaintiff, Hattie Faye concealed the existence of the 1963 will when Brooks died in 1997. Without a will, Hattie Faye was Brooks' sole heir. *Id*. Upon her death in 2015, Hattie Faye's last will and testament devised her interest in the Farm to her three children,

2

Peggy Jo Berryman, Kathy Ann Berryman, and Timothy Baker ("the Baker heirs"). *Id.* The executor of Hattie Faye's estate recorded an executor's deed granting the Farm property to the Baker heirs, who subsequently quitclaimed their interests in the Farm to other members of their family. *Id.*

Plaintiff brought her first civil action in the Chancery Court of McNairy County, Tennessee in 2019 in a case styled as *In re Estate of Baker*. *Id.* Plaintiff named the Estate of Hattie Faye Baker and the Baker heirs as defendants. Plaintiff claimed to be the heir to the estate of Brooks Derryberry pursuant to the 1963 will and the 1967 deed. Plaintiff specifically alleged that in the 1963 will, which was never probated, Brooks devised to his then-wife (and Plaintiff's aunt) Rubye Blackwood all his personal and real property, including the Farm. *Id.* Based on Plaintiff's interpretation of the 1967 deed and the 1963 will, all of Brooks' estate should have passed to Rubye's heirs upon Brooks' death in 1997. As a result, Hattie Faye Baker never had ownership of the Farm. Plaintiff's suit sought to have the executor's deed transferring the Farm to the Baker heirs and the Baker heirs' quitclaim deeds set aside and to have the Berrymans ejected from the property. *Id.* The McNairy County Chancery Court granted the Baker Estate's motion to dismiss Plaintiff's lawsuit, reasoning that the 1967 deed created a tenancy by the entirety in the Farm property. *Id.*

The Tennessee Court of Appeals affirmed the McNairy County Chancery Court's dismissal of Plaintiff's claims. The appellate court affirmed the trial court's holding that the 1967 deed created a tenancy by the entirety between Brooks and Rubye and that after Rubye's death, Brooks became the surviving tenant by the entirety, thereby owning the Farm in fee simple. *Id.* at *3-4. When Brooks died intestate and heirless, his fee simple interest in the Farm passed to his surviving spouse, Hattie Faye. *Id.* at *1-2. The Court of Appeals also rejected Plaintiff's argument that the

3

Baker heirs had engaged in fraud, finding that her allegations against them were irrelevant and non-dispositive based upon the 1967 deed. *Id.* at *4-5.

While her state court case was pending on appeal at the Tennessee Court of Appeals, Plaintiff brought suit in June 2020 in this Court against the Baker heirs as well as their attorney Terry Abernathy and the McNairy County Chancery Court Clerk and Master Kimberly Boals. *Mutters-Edelman v. Abernathy, et al.*, No. 1:20-cv-02455-STA-cgc (W.D. Tenn.). In that action, Plaintiff alleged that the Baker heirs, with the assistance of their attorney and the clerk and master, conspired to unlawfully remove the 1967 deed from the McNairy County Courthouse and fraudulently replace it with the aforementioned executor's deed. *Id*. Plaintiff alleged that she was denied due process because she had no notice of the legal proceedings regarding the property's disposition and that the clerk and master would not permit her to record the unprobated 1963 will, thereby violating Plaintiff's First Amendment rights. *Id*.

This Court dismissed Plaintiff's lawsuit under the doctrine of collateral estoppel.[1] Order of Dismissal 5, June 14, 2021 (No. 1:20-cv-02455-STA-cgc, ECF No. 61). The Court stated:

> Here, Plaintiff attempts to re-argue matters that have been determined by the Tennessee Court of Appeals . . . . Plaintiff had "a full and fair opportunity" both in the McNairy Chancery Court and in the Tennessee Court of Appeals "to contest the issue now sought to be precluded". . . .

---

[1] The United States Supreme Court has explained that res judicata "comprises two distinct doctrines." Collateral estoppel, also known as issue preclusion, "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Brownback v. King*, 592 U.S. 209, 215, 141 S.Ct. 740, 747, 209 L.Ed.2d 33 (2021) (quoting *Lucky Brand Dungarees, Inc.* v. *Marcel Fashions Group, Inc.*, 590 U.S. 405, 411-12, 140 S.Ct. 1589, 206 L.Ed.2d 893 (2020)).

While Plaintiff's previous federal lawsuit was dismissed under the doctrine of collateral estoppel (or issue preclusion), the Magistrate Judge has recommended the dismissal of this suit under the doctrine of res judicata or claim preclusion. Claim preclusion, "sometimes itself called res judicata . . . prevents parties from relitigating the same 'claim' or 'cause of action,' even if certain issues were not litigated in the prior action." *Id*. The same "claim" or "cause of action" comes up in two different lawsuits when "the later suit arises from the same transaction or involves a common nucleus of operative facts." *Id*.

> This Court finds that Plaintiff is collaterally estopped from re-litigating the issue of the ownership of Mr. Derryberry's farm because that issue has been determined by the Tennessee Court of Appeals.

*Id.* at pp. 6-7.

Plaintiff brought the present lawsuit in September 2023, once more requesting a declaration of her ownership rights in the Farm property. Compl. 2, 10. Plaintiff styled her Complaint as an *in rem* action and did not name any individual defendants. *Id*. Even so, Plaintiff caused summons to issue as to Peggy Ann Berryman and Kathy Ann Berryman. Summons, Sept. 14, 2023 (ECF No. 2). In support of her Complaint, Plaintiff attached as exhibits, and relied upon, the 1963 will and the 1967 deed. Compl., ex. 2, 5. Plaintiff makes the same general allegations found in her prior lawsuits–that the 1963 unprobated will devised the Farm to Rubye Blackwood and her heirs, the 1967 deed gave Brooks Derryberry a fee simple interest in the Farm upon Rubye's death, and that Plaintiff, as an heir of Rubye Blackwood, has an interest in the Farm because the unprobated 1963 will bequeathed Brooks' fee simple interest in the Farm to Rubye Blackwood's heirs. *See Compl.* 2-4, ¶¶ 1-2.

Peggy Berryman and Kathy Berryman were granted leave to intervene in the suit over Plaintiff's objection. Order Affirming Mag. J.'s Order Granting Mot. to Intervene, Mar. 5, 2024 (ECF No. 19). In their Motion to Dismiss (ECF No. 20), Intervenors have moved the Court to dismiss Plaintiff's action with prejudice. They argue that dismissal is appropriate because ownership of the Farm has already been determined and Plaintiff's current action is collaterally estopped. Intervenors also seek a sanction against Plaintiff in the form of a permanent injunction prohibiting Plaintiff from attempting to litigate this issue again in this Court. Plaintiff responded in opposition that collateral estoppel is inapplicable because not all issues raised in Plaintiff's Complaint have been previously decided by either this Court or the McNairy County Chancery

5

Court. No court has ever determined that Intervenors are the rightful owners of the Farm, and no court has ever decided the validity of the 1963 will.

In a separately filed Motion for Sanctions (ECF No. 25), Intervenors reiterate their request for a permanent injunction, enjoining Plaintiff from filing another action in this Court seeking the same relief, awarding the Intervenors the fees and expenses they have incurred because of this litigation, and instructing the Clerk of the Court not to accept any future filings in which Plaintiff seeks the same relief. Plaintiff argues in opposition the claims raised in her suit are not barred or estopped and that Intervenors have not set out with particularity the grounds upon which sanctions should be imposed.

## **JURISDICTION**

The Court has jurisdiction over Plaintiff's claims regarding the property by virtue of the amount in controversy and the parties' diversity of citizenship under 28 U.S.C. §1332(a). Plaintiff's claims, nevertheless, arise out of the proper disposition of family property based in part on the validity of a last will and testament and the correct administration of a decedent's estate. "It is well-settled that a federal court has no jurisdiction to probate a will or administer an estate." *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007) (quoting *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946)). This so-called probate exception "is a practical doctrine designed to promote legal certainty and judicial economy by providing a single forum of litigation, and to tap the expertise of probate judges by conferring exclusive jurisdiction on the probate court." *Id.* (quoting *Lepard v. NBD Bank,* 384 F.3d 232, 237 (6th Cir. 2004)).

The probate exception is nevertheless a limited exception to otherwise proper exercises of federal jurisdiction. The Supreme Court in *Markham* described the probate exception's "distinctly limited scope":

> [W]hile a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, . . . it may exercise its jurisdiction to adjudicate the rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.

*Markham*, 326 U.S. at 494. More recently, the Supreme Court has clarified the scope of the probate exception as follows:

> Thus, the probate exception reserves to the state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall v. Marshall*, 547 U.S. 293, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006).

## **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs to a United States Magistrate Judge for the management of all pretrial matters. The Magistrate Judge has recommended that the Court dismiss the case for lack of subject-matter jurisdiction or in the alternative grant Intervenors' Motion to Dismiss Plaintiff's case as res judicata.

Res judicata, or claim preclusion, is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment. *Mitchell v. Chapman,* 343 F.3d 811, 819 (6th Cir. 2003)

7

(citing *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)); *see also Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995)).[2] Claim preclusion bars not only relitigating a claim previously adjudicated, it also bars litigating a claim or defense that should have been raised, but was not, in the prior suit. *Mitchell*, 343 F.3d at 819. "The central purpose of claim preclusion is to prevent the relitigating of issues that were or could have been raised in [a prior] action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (quotations omitted). Courts are "empowered to raise res judicata sua sponte . . . in the interests of, inter alia, the promotion of judicial economy." *Holloway Const. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (citing *United States v. Sioux Nation of Indians,* 448 U.S. 371, 432, 100 S.Ct. 2716, 2749, 65 L.Ed.2d 844 (1980) (Rehnquist, J., dissenting)).

To the extent that the Court has subject-matter jurisdiction over any aspect of the case other than the probate of the 1963 will, the Court has diversity jurisdiction over the dispute and must apply the law of the state of Tennessee to determine what preclusive effect the state court's judgment has on the claims alleged in the Pro Se Complaint. *Prod. Solutions Int'l, Inc. v. Aldez Containers, LLC*, 46 F.4th 454, 457–58 (6th Cir. 2022) (holding that "federal courts sitting in diversity should apply the law that would be applied by state courts in the State in which the federal diversity court sits so long as the state rule is not 'incompatible with federal interests'") (internal quotation marks omitted) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508–

---

[2] In *Mitchell,* the Sixth Circuit noted that "the United States Supreme Court expressed its preference for the use of the term 'claim preclusion,' rather than the more traditionally utilized term 'res judicata.'" *Mitchell*, 343 F.3d at 819 n. 5 (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)). In the case at bar, Intervenors argue and the Magistrate Judge has recommended a holding that Plaintiff's claims should have been raised in Plaintiff's suit in McNairy County Chancery Court. Therefore, the Court will consider whether the doctrine of res judicate or claim preclusion should apply in this case.

09, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001)).

Plaintiff has filed timely objections to the Magistrate Judge's report and recommendation. While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

"Pro se complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## ANALYSIS

I.      **Probate Exception to Diversity Jurisdiction**

The Sixth Circuit has concluded that the probate exception "is narrowly limited to three circumstances": (1) if a plaintiff attempts to probate a will; (2) if a plaintiff attempts to annul a will; and (3) if a plaintiff otherwise attempts "to reach the *res* over which the state court had custody." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 801 (6th Cir. 2015) (citing *Wisecarver*, 489 F.3d at 750). Here, the Magistrate Judge has opined that the probate exception applies to deprive the Court of subject-matter jurisdiction. Plaintiff's request for a declaration of her rights in the disputed property would require the Court to probate or establish the validity of the 1963 will purportedly executed by Brooks Derryberry. Furthermore, Plaintiff's pursuit of relief against the estate property itself, the Farm, is an action *in rem* of the sort commonly decided in probate proceedings. *Fransioli v. Podesta*, 134 S.W.2d 162, 165 (Tenn. 1939) ("[A] proceeding for probate in the circuit court is not an action between the parties, but is an action in rem, involving the distribution of the res, the estate."). A judgment in Plaintiff's favor would disturb an already settled estate and result in the redistribution of estate property. So granting Plaintiff the relief she seeks, a declaration about the validity of the 1963 will, "is precisely what the probate exception prohibits because it would require the district court to dispose of property in a manner inconsistent with the state [chancery] court's distribution of the assets." *Wisecarver*, 489 F.3d at 751 (citing *Marshall,* 126 S.Ct. at 1748).[3]

---

[3] Plaintiff's claim to the property arguably qualifies as an attempt "to reach the *res* over which the state court had custody." *Chevalier*, 803 F.3d at 801. The Complaint names only the Farm property as a defendant and meets the definition of an *in rem* action. "An *in rem* action is '[a]n action determining the title to property and the rights of the parties, not merely among themselves, but also against all persons at any time claiming an interest in that property.'" *Id*. at

10

Plaintiff resists this conclusion but without showing why the probate exception does not apply. Plaintiff just argues that Intervenors have waived any objection to jurisdiction and that the Court has already entered an order in the case without examining its subject-matter jurisdiction. Plaintiff's point is without merit. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Akno 1010 Mkt. Street St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 94, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010)). What is more, "[s]ubject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012). This means a party can object or renew an objection to subject-matter jurisdiction "at any point in the litigation." *Id.*

As support for her waiver argument, Plaintiff cites *Campbell v. Murdock*, 90 F. Supp. 297 (N.D. Ohio 1950). The plaintiff in *Campbell* filed suit to enforce a perfected mechanics lien on real property located in the Northern District of Ohio. The plaintiff named two defendants: the owner of the property and the owner's agent who had hired the plaintiff to complete the work at the property. The property owner moved to dismiss for lack of personal jurisdiction, arguing that the federal court had no power to enter a judgment against her in her personal capacity because she was not a resident of Ohio. The court held in part that the property owner had waived any objection to personal jurisdiction by filing a dispositive motion in the case. The other case cited by Plaintiff also involved a waiver of personal jurisdiction, not subject-matter jurisdiction. *S.*

---

802 (quoting *Struck v. Cook Cnty. Pub. Guardian,* 508 F.3d 858, 860 (7th Cir. 2007)). But Plaintiff is not asking "a federal court to elbow its way into an ongoing fight over a property . . . in another court's control." *Id.* (cleaned up). According to the Complaint and the other litigation related to the property, the Farm property is already in the hands of the Baker heirs and their assigns. Therefore, there is no longer an "ongoing fight" in probate over the rightful ownership of the property.

11

*Lands v. Henderson*, 24 F. Supp. 835, 840–41 (W.D. La. 1938) (holding that a defendant may waive personal jurisdiction giving a federal court "power to decide all issues between the parties").

*Campbell* and *Henderson* are simply not on point. Both just stand for the unremarkable proposition that a defendant can waive an objection to personal jurisdiction. Personal jurisdiction and subject-matter jurisdiction are two distinct concepts. "[T]he requirement of jurisdiction over the subject matter is 'nonwaivable and delimits federal-court power,' while the requirement of jurisdiction over the person is 'waivable and protect[s] individual rights.'" *In re Vista-Pro Automotive, LLC*, 109 F.4th 438, 444 (6th Cir. 2024) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)). The Court concludes that it lacks subject-matter jurisdiction to declare the validity of the 1963 will of Brooks Derryberry, a non-waivable, jurisdictional requirement going to the Court's authority to decide the dispute.

### II.     Res Judicata

To the extent that the Court could grant Plaintiff any relief *in rem* without deciding the validity of the will (and it is not at all clear that the Court could do so), the Magistrate Judge has recommended that the Court dismiss Plaintiff's action as barred under the doctrine of res judicata. In order to assert res judicata or claim preclusion under Tennessee law, a party must demonstrate that (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) the present action is between the same parties or their privies as those to the prior action; (3) the same claim or cause of action was asserted in both suits; and (4) the prior judgment was a final decision on the merits. *Elvis Presley Enters., Inc. v. City of Memphis*, 620 S.W.3d 318, 324 (Tenn. 2021) (citing *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012)); *see also Mitchell,* 343 F.3d at 819. "The principle of claim preclusion prevents parties from splitting their cause of action and requires parties to raise in a single lawsuit all the grounds for recovery arising from a single transaction or

12

series of transactions that can be brought together." *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998).

The Court holds that res judicata blocks Plaintiff from pursuing her claims *in rem*. Each of the factors under Tennessee law are met in this case. First, the McNairy County Chancery Court is undoubtedly a court of competent jurisdiction. Tennessee has vested chancery courts with jurisdiction over all cases in equity. Tenn. Code Ann. § 16–11–101 (stating that chancery court has jurisdiction of all cases of an equitable nature). Plaintiff filed her original case in 2019 against the Baker estate and the Baker heirs in McNairy County Chancery Court. The Chancery Court dismissed her case, and the Tennessee Court of Appeals affirmed the Chancery Court's judgment in an opinion issued on April 6, 2021.

Next, the present action is between the same parties or their privities. "In the context of res judicata, privity means an identity of interests relating to the subject matter of the litigation, and it does not embrace relationships between the parties themselves." *Acuity v. McGhee Engineering, Inc.*, 297 S.W.3d 718, 735 (Tenn. Ct. App. 2008) (cleaned up). Plaintiff sued the Baker estate as well as the Baker heirs in her original case. *In re Estate of Baker*, 2021 WL 1265166, at *1 ("On October 7, 2019, Mary Kay Mutters-Edelman ('Petitioner'), Rubye Derryberry's niece, filed this lawsuit against Ms. Baker's estate and the Baker heirs (collectively, 'the Estate.'"). At issue in Plaintiff's previous lawsuit was her claim to be the rightful owner of the Farm property and her allegation that the Farm property had not lawfully passed to Peggy Berryman and Kathy Berryman. *In re Estate of Baker*, 2021 WL 1265166, at *1 ("Petitioner claimed to be 'Heir to the Derryberry Estate and requested that the trial court set aside the executor's deed and the Baker heirs' quit claim deeds and enter an order ejecting the Berryman family members from the Farm.").

13

In her current suit, Plaintiff now names the Farm property itself as a defendant *in rem* and has caused summons to issue as to Peggy Berryman and Kathy Berryman, though without specifically naming either as parties. As the Court has already noted, "[a]n *in rem* action is '[a]n action determining the title to property and the rights of the parties, not merely among themselves, but also against all persons at any time claiming an interest in that property.'" *Chevalier*, 803 F.3d at 802. The Complaint names only the Farm property as a defendant and meets the definition of an *in rem* action. The Court has since granted Peggy Berryman and Kathy Berryman leave to intervene in the case. And yet Plaintiff seeks nearly identical relief in this case as the relief she pursued in her original case. Under the circumstances, the Court finds that this action involves the same parties and an identity of interests related to the Farm property.

Third, Plaintiff's claim to the property was or should have been litigated in the prior action. Plaintiff actually litigated the legal effect of the 1967 deed and the validity of the 1963 will. *Id*. at *2 ("In the present case, Petitioner's requests for relief were based upon her interpretation of the 1967 deed and Mr. Derryberry's unprobated will. . . . The trial court here considered the facts alleged in the complaint and construed Mr. Derryberry's (unprobated) will and the 1967 deed in the context of those facts."). The Tennessee Court of Appeals "assume[d] the truth of Petitioner's underlying factual assertions" and concluded they did "not change the outcome of the case" based on the fact that "[a]t Rubye's death, Mr. Derryberry obtained fee simple ownership of the Farm and Petitioner and her family had no legal interest in the subsequent disposition of the property." *Id*. at *5. Just as she did in her suit before the McNairy County Chancery Court, Plaintiff seeks a declaration concerning the rightful ownership of the Farm property based on her theory about the legal effect of the 1963 will and the 1967 deed, theories which the Tennessee court has already considered and rejected.

Finally, the decision of the Tennessee court was a final decision on the merits. The Court of Appeals affirmed the dismissal of Plaintiff's claims, agreeing with the McNairy County Chancery Court's "interpretation of the language used in the 1967 deed . . . that the instrument conveyed a tenancy by the entirety, thereby depriving [Marykay Mutters-Edelman] of any interest in the Farm." *In re Estate of Baker*, 2021 WL 1265166, at *4. In Tennessee, "an order granting a motion to dismiss for failure to state a claim upon which relief can be granted under Tennessee Rule of Civil Procedure 12.02(6) is an adjudication on the merits." *Creech v. Addington*, 281 S.W.3d 363, 378 (Tenn. 2009) (citing *Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761, 766 (Tenn. Ct. App. 2001)). The McNairy County Chancery Court's dismissal of Plaintiff's case for failure to state a claim is a now final decision on the merits.

Having decided that each of the elements of res judicata is met in this case, the Court holds that Plaintiff's Pro Se Complaint is barred. Plaintiff argues that a number of the procedural features of her previous case prevents the application of the res judicata doctrine. For instance, Plaintiff posits that the Tennessee Court of Appeals remanded her case to the McNairy County Chancery Court for consideration of her fraud claims and her claim concerning the 1963 will. However, Plaintiff has not shown why that is the case. The appellate opinion speaks for itself: the Tennessee Court of Appeals affirmed the McNairy County Chancery Court's dismissal of Plaintiff's case. *In re Estate of Baker*, 2021 WL 1265166, at *5 ("The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Mary Kay Mutters-Edelman, and execution may issue if necessary.").

It is true that the Court of Appeals issued a separate judgment following the entry of its opinion on the merits, and the judgment stated that the case was remanded for further proceedings. Ex. A to Pl.'s Objs. (ECF No. 28-1). But those further proceedings apparently concerned execution

15

or any other proceedings to give effect to the decision of the Court of Appeals. Tenn. R. App. P. 43(b) ("When the appellate court . . . affirms the judgment and the mandate is filed in the trial court, execution may issue and other proceedings may be conducted as if no appeal had been taken."). Plaintiff has not shown what further proceedings were required, whether those proceedings ever occurred, or that the McNairy County Chancery Court continues to have jurisdiction over her previous suit, particularly now that more than three years have passed since the Court of Appeals affirmed the judgment in her case.

Plaintiff next cites the fact that she filed a motion for default judgment against the defendants in the Chancery Court when none of them filed a responsive pleading. Plaintiff raises this point apparently to show that the Tennessee courts never addressed this aspect of her previous case. Tennessee Rule of Civil Procedure 55 permits a plaintiff to obtain a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Tenn. R. Civ. P. 55(a). But, as the Tennessee Court of Appeals explained in its opinion, "Petitioner also raises the argument that the Estate 'failed to file a responsive pleading' to her petition and that the allegations in the petition should therefore be 'deemed admitted in accordance with Tenn. R. Civ. P. 8.04.' However, Petitioner misconstrues the applicable law." *In re Estate of Baker*, 2021 WL 1265166, at *3. The Court of Appeals explained that the defendants' motion to dismiss altered their deadline to file a responsive pleading and that the defendants were not required to file their pleading until the Chancery Court had decided the motion to dismiss. In other words, Defendants were not in default. This issue was fully litigated and considered as part of the proceedings in state court.

Plaintiff points to one last way in which the Tennessee courts did not fully reach the merits of her case. Plaintiff's previous suit alleged that the Baker heirs had committed fraud by using quitclaim deeds to obscure the rightful ownership of the Farm property. But the Tennessee Court of Appeals clearly addressed this claim. *Id*. at *4 ("Petitioner's final argument is that the trial court 'erred in failing to consider and make findings on the issues of fraud by the Berrymans that caused the theft of the Derryberry Farm from the Remaindermen on the 1967 deed.'"). The Court of Appeals reviewed the relevant allegations from Plaintiff's pleadings in the trial court and concluded that Plaintiff's allegations were "irrelevant because the 1967 deed is the determinative document." *Id.* at *5. Even assuming that Plaintiff's allegations of fraud are not subject to the probate exception, Plaintiff has not shown that the state court did not address her allegations.

This just leaves the question of whether the Court should impose sanctions and enjoin Plaintiff from filing any future suits related to the same claims. District courts have the discretion to impose filing restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). While the Court cannot "absolutely foreclose" an individual from bringing a civil action in federal court, the Court can impose a prefiling restriction in the form of an order requiring leave of court before future complaints are accepted for filing. *Id.*; *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996).

The Court finds that a prefiling restriction on Plaintiff's ability to file a future federal case regarding her claim to ownership in the Farm property is warranted. Plaintiff has filed one suit in state court and two different federal suits, all alleging similar claims and requiring Peggy Berryman and Kathy Berryman to incur the expense of defending their ownership interests in the Farm property. The Court dismissed Plaintiff's first federal case under the doctrine of issue preclusion and now dismisses the second under the doctrine of res judicata or claim preclusion. And all of

17

this occurred after Plaintiff lost a very similar suit in Tennessee state court. Based on Plaintiff's history of repetitive litigation concerning the Farm property, Intervenors' request for a restriction on Plaintiff's ability to file future suits against them is **GRANTED**. The Court will enjoin Plaintiff from filing any future lawsuits in this Court against the Intervenors involving the ownership of the Farm property or seeking the same or similar relief as the present case without first obtaining leave of the Court. Intervenors' request for attorney's fees is **DENIED** insofar as Plaintiff does not appear to have the ability to satisfy such a sanction.

Based on its *de novo* review of the Magistrate Judge's report and recommendation and Plaintiff's timely objections, the Court **ADOPTS** the Magistrate Judge's report and recommendation and **DISMISSES** without prejudice Plaintiff's claims concerning the validity of the 1963 will of Brooks Derryberry for lack of subject-matter jurisdiction. The Court **DISMISSES** with prejudice all of Plaintiff's other claims for relief as res judicata. Intervenors' Motion to Dismiss is **GRANTED**, and their Motion for Sanctions is **GRANTED in part, DENIED in part**. The Clerk of Court is directed to enter judgment.

The next issue to be addressed is whether the Court should authorize Plaintiff to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case, lack of subject-matter jurisdiction and the application of the doctrine of res judicata, also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by

Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, she must pay the entire $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  September 11, 2024.

---

[4] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.